FILED
2026 Sep-03 PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| WINIFRED LEON RICHARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00448-MHH-NAD |
| | ) | |
| WEXFORD HEALTH INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

In the complaint he filed pursuant to 42 U.S.C. § 1983, *pro se* plaintiff Winifred Leon Richards, an inmate in the Alabama Department of Corrections, alleges that defendants Wexford Health, Inc., Nurse Randolph, and Dr. Padgett were deliberately indifferent to his medical needs when he sought treatment after he was stabbed by another inmate. (Doc. 1). Judge Danella, the magistrate judge assigned to this case, issued a report in which he recommended that the Court grant the defendants' motions for summary judgment. (Doc. 34). Judge Danella advised the parties of their right to file objections to the report and recommendation within 14 days. (Doc. 34, pp. 21–22). Mr. Richards filed a motion for production of discovery, (Doc. 35), and for an extension of time to file objections, (Doc. 36). Judge Danella denied Mr. Richards's motion for discovery but granted Mr. Richards's request for

additional time to respond to the report and recommendation. (Doc. 37). On August 27, 2026, the Court received Mr. Richards's objections. (Doc. 38).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A district court reviews for plain error proposed factual findings to which no objection is made, and the district court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Mr. Richards does not object to findings of fact or conclusions of law in the report and recommendation. Instead, Mr. Richards objects to the denial of his discovery motion and asserts that he has not had an opportunity to properly prepare objections to the report and recommendation. (*See* Doc. 38, p. 2). As Judge Danella explained when he denied Mr. Richards's discovery motion, Mr. Richards did not

seek the requested discovery materials until after entry of the report and recommendation. (*See* Doc. 37, pp. 2–4).

Mr. Richards has not explained what he believes his requested discovery might reveal. For instance, Mr. Richards requests "Dr. Evans' order for Mr. Richards to be transported to Crestwood Medical Center." (Doc. 38, p. 2).[1] It is undisputed that Dr. Evans ordered that Mr. Richards be transported or that medical providers other than the defendants determined, several days after Mr. Richards was stabbed, that Mr. Richards should be transported to a hospital for a more thorough examination of his injuries. (*See* Doc. 1, p. 11; Doc. 17-2, pp. 4–5; Doc. 17-4, p. 33; Doc. 17-5, pp. 7–8). Similarly, Mr. Richards seeks "documentation that Dr. Padgett was employed by Consilium Staffing," (Doc. 38, p. 2), but Dr. Padgett filed an affidavit stating that he was employed by Consilium Staffing, (Doc. 29-1, p. 3), and potential evidence that Dr. Padgett worked for Wexford or another company will not change the analysis of the record in this case. Mr. Richards also seeks information about the names of nurses and other providers who participated in his care. (*See* Doc. 38, p. 2). Information concerning Mr. Richards's care and the names of the doctors and nurses who saw him appear in the medical records produced by the defendants. (*See e.g.*, Docs. 17-3 thr. 17-9; Doc. 29-2, pp. 6, 8, 9, 10, 15-17, 19, 20).

[1] The Wexford medical record at Doc. 17-5, page 8 states that Dr. Evans saw Mr. Richards on March 27, recommended transfer to CMC, and Mr. Richards agreed to the transfer. (Doc. 17-5, p. 8).

Mr. Richards has not explained what information he believes these doctors and nurses might provide that would change the analysis of his Eighth Amendment deliberate indifference claim.

The Court has reviewed the medical records that the defendants filed. Those records are notable for Mr. Richards's unwillingness to communicate with medical staff on March 20 and March 21. On March 20, 2023, Mr. Richards appeared uncomfortable, but he refused to answer the questions that Nurse Randolph asked him. (Doc. 17-3, p. 5). On March 21, when a nurse (whose name is illegible) asked Mr. Richards how he was feeling, he replied: "No comment," and he refused to rate his pain level. (Doc. 17-4, p. 8).[2] Because Mr. Richards's stab wounds appeared superficial with some drainage, (Doc. 17-3, p. 5), Mr. Richards's refusal to answer questions hampered the defendants' ability to collect information to determine whether his wounds required additional investigation.

Mr. Richards had opportunities to request additional information from the defendants before Judge Danella issued his report. In the standard procedures attached to the order for special report, (Doc. 9-1), and in response to Mr. Richards's early motion for discovery, (Doc. 24; Doc. 28), Judge Danella explained how and

---

[2] Mr. Richards similarly refused to answer questions in April 2023, when he was seen for an abdominal abscess. (Doc. 29-2, p. 34; *see also* Doc. 29-2, pp. 36, 38-40). On April 9, 2023, Mr. Richards removed an IV that was prescribed to treat his abdominal abscess. (Doc. 29-2, p. 60).

when Mr. Richards could request discovery.[3] Mr. Richards did not comply with Judge Danella's instructions to renew his discovery motion. *See Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014) (finding that the plaintiff "failed to show, beyond conclusory assertions, how the court's ruling [denying discovery requests] 'resulted in substantial harm to [his] case.'"); *see also Marbury v. Warden*, 936 F.3d 1227, 1234 n.17 (11th Cir. 2019) (affirming summary judgment where the plaintiff argued in his objections that additional discovery would "substantiate his claim").

Accordingly, the Court overrules Mr. Richards's objections based on the denial of his discovery motion.

As Judge Danella explained, to support his claim of deliberate indifference to medical needs against Nurse Randolph and Dr. Padgett, Mr. Richards had to provide some evidence that these defendants were "actually, subjectively aware that [their] own conduct caused a substantial risk of serious harm" to Mr. Richards and, with that knowledge, failed to act. *See Wade v. McDade*, 106 F.4th 1251, 1253, 1262 (11th Cir. 2024) (setting forth the plaintiff's burden to establish a deliberate indifference claim); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (stating that the plaintiff has the ultimate burden of proving his claims, so the moving

[3] Judge Danella stated: "[a]fter Defendant Padgett[] has filed his special report, [Mr.] Richards can review all the Defendants' special reports and seek further discovery of additional necessary or relevant information." (Doc. 28, p. 2).

party will be entitled to judgment as a matter of law on any claim unless the plaintiff is able to show some evidence supporting each element of that claim).

Mr. Richards has not provided evidence that supports a finding that either Nurse Randolph or Dr. Padgett knew that Mr. Richards's stab wound was more serious than they documented, much less that they had such knowledge and failed to act. Instead, the evidence demonstrates that when Mr. Richards alerted medical providers that his wound was not healing and that his symptoms were worse, Dr. Evans recommended, and Mr. Richards agreed to, transfer to CMC for additional testing. Mr. Richards was transported to an outside hospital for medical treatment. (Doc. 17-4, p. 3; Doc. 17-5, pp. 7–8). Mr. Richards's injuries clearly were more severe than Nurse Randolph or Dr. Padgett realized in the days immediately following the stabbing, and Nurse Randolph or Dr. Padgett may have discovered that Mr. Richards's wounds were serious if they had ordered tests sooner. But that possibility, at most, could establish medical malpractice, and medical malpractice, where proven, is not sufficient to sustain an Eighth Amendment claim for deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 330–33 (1986) ("The facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, [or] poor exercise of medical judgment.").

Having considered *de novo* the materials in the court file, including the magistrate judge's report and recommendation and Mr. Richards's objections, the

Court overrules the objections, adopts the magistrate judge's report and accepts his recommendation. By separate order, the Court will grant the defendants' motions for summary judgment.

**DONE** and **ORDERED** this September 3, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE